Netzer, Plaintiff and Respondent, vs. Belongia and another, Defendants and Appellants: Farmers Mutual Insurance Company, Defendant and Respondent, and Wendt, Impleaded Defendant and Respondent.

*October 13—November 16, 1948.*

For the appellants there was a brief by *Benton, Bosser, Becker, Parnell & Fulton* of Appleton, and oral argument by *David L. Fulton.*

For the respondent Clara Mae Netzer, there was a brief by *Lehner & Lehner, Adolph P. Lehner,* and *Howard N. Lehner,* all of Oconto Falls.

For the respondents Farmers Mutual Automobile Insurance Company and Gilbert Wendt there was a brief by *Everson, Ryan, Whitney & O'Melia* of Green Bay, and oral argument by *E. L. Everson.*

HUGHES, J. Plaintiff was injured on the night of January 4, 1947, when the automobile in which she was riding, driven by the impleaded defendant Gilbert Wendt, collided with the rear of a truck parked approximately two car widths off the pavement.

At the scene of the collision Highway 22 lies east and west and is intersected by a north-and-south town road, forming

what is known in the locality as DeCloux' Corners. On the lot at the southeast corner of this intersection is the Brown tavern. A few minutes before the accident occurred Robert Shufelt drove his truck in a westerly direction from Oconto, made a "U" turn and parked on the north side of the Brown tavern, facing east. The defendant Belongia, who was following Shufelt from Oconto, pulled over onto the south side of the road and parked with his automobile facing west and its headlights burning. The jury found that Belongia had parked with the right wheels of his car on the concrete. A few moments after this the defendant Gilbert Wendt approached the intersection from the west. It was not snowing, but freshly fallen snow was drifting across the highway; the concrete was visible except in spots. The jury found that Gilbert Wendt was not guilty of any negligence with respect to speed or lookout, but found that he was guilty of causal negligence in the management and control of his automobile immediately before the collision. On motions after verdict the trial court changed the answer to this question by striking the "Yes" and inserting "No."

The appellants concede that they are bound by the jury finding with respect to the negligence of Belongia in parking on his left side of the road with headlights burning. The trial court apparently concluded that in so doing Belongia had created an emergency, and that Gilbert Wendt's conduct is excusable on the theory that in turning to the right to avoid the automobile with the headlights Wendt was doing the normal thing and cannot now be charged with the duty to do something which in retrospect would appear to have been better.

We are of the opinion that the trial court was in error in taking this view. The negligence of Belongia in parking was a causal element of the collision. Gilbert Wendt, his brother, and plaintiff all testified that they could see the lights of the

Belongia car at all times from a point a quarter of a mile west of the intersection, and that from that point on the lights produced such a glare that they were unable to ascertain the position of the Belongia car on the highway.  The plaintiff testified that she was so blinded that she looked to the side and did not again look in the direction of the headlights.  Gilbert Wendt and his brother both testified that during the entire ride on the last quarter mile they were able to see only twelve feet ahead of their own car radiator.  Gilbert Wendt testified that he was driving at a speed of thirty to thirty-five miles per hour and that when he saw the lights of the Belongia car he took his foot off the accelerator and coasted to the scene of the accident.  At a point which he estimated to be five hundred feet west of the car and truck he was still assuming that the Belongia car was on its own right side of the road and he turned to his right expecting to meet the Belongia car in the usual position.  At that point he could feel that his right wheels went off the concrete onto the shoulder.  He continued on in the same manner for the remaining five hundred feet and crashed into the rear of the Shufelt truck, driving it forty feet across the tavern lot into a fence.

If Wendt were justified in proceeding at all in the face of his inability to see ahead, then surely he was negligent with respect to control in continuing five hundred feet after leaving the concrete.  It would thus appear that there was very substantial evidence to support the finding of the jury that Gilbert Wendt was negligent in the management and control of his automobile under the circumstances, and that his negligence and the negligence of Belongia combined to cause the injuries to the plaintiff.

*By the Court.*—Judgment reversed and cause remanded with directions to enter judgment in accordance with this opinion.

BROADFOOT, J., took no part.